IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3085 |
| | ) | |
| v. | ) | |
| | ) | |
| ERICK I. PEREZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review[1] of the Motion Under 28 U.S.C. § 2255 (filing no. 33) submitted by the defendant, Erick I. Perez (Perez).  No matter how that motion is construed, it plainly appears that Perez is not entitled to relief. Thus, the motion will be denied.

Perez entered a guilty plea to pursuant to a plea agreement that provided he would admit that he was guilty of conspiracy to distribute 500 grams or more of methamphetamine. (Filings nos. 15-22.)  The plea agreement specifically called for the imposition of a two point enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1).  (Filing no. 17 at CM/ECF p. 2 & ¶ 1c(3).)   The

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

government agreed to dismiss a second count that alleged that Perez used weapons during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (*Id.* at CM/ECF p. 2 & ¶ 1c(5).)  Thus, Perez was allowed to escape the 5-year mandatory consecutive sentence that a § 924(c) conviction would have required.  The plea agreement also stipulated that Perez was responsible for at least 1.5 kilos, but less than 5 kilos, of methamphetamine.  (*Id.* at CM/ECF p. 4 & ¶ 10.)

The matter proceeded to sentencing, and on March 10, 2005, Perez received the gun enhancement and a sentence of 151 months in prison.  (Filing nos. 26, 29.)  The § 924(c) count was dismissed.  Perez was informed of his right to appeal both orally and in writing and defense counsel was notified in writing of his obligation to file a notice of appeal if directed to do so.  (E.g., filing no. 27.)  No appeal was taken.

The pending motion was filed on April 8, 2011 (filing no. 33), more than six years after Perez was sentenced.  Summarized and condensed, Perez argues that the gun enhancement he received at sentencing violated the plea agreement.  As a result, he claims his counsel was ineffective for failing to see that the plea agreement was enforced and the government violated the plea agreement when the prosecutor permitted Perez' sentence to be enhanced because of the gun.  Furthermore, Perez claims that the reason he did not appeal the imposition of the gun enhancement was because his counsel failed to perfect the appeal that Perez instructed him to file regarding the gun enhancement.

Perez' motion will be denied for two separate reasons.  First, the one-year statute of limitations has long since run for the filing of a § 2255 motion and the motion must therefore be denied.  28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Perez seemingly argues that because his counsel did not file an appeal as Perez allegedly directed the lawyer to do, this failure somehow tolls the "clock" for filing a § 2255 motion.  Perez provides no legal support for this argument and he does not explain why such a fact would logically provide an excuse for failing to file a timely § 2255 motion.

Moreover, even assuming that the failure to file an appeal might toll the statute for a limited period of time, Perez certainly should have discovered the "fact supporting the claim" long before April 8, 2011 when he filed the instant motion. Perez provides nothing to support a contrary finding.  The Eight Circuit has made it perfectly clear that in order to obtain equitable tolling in a § 2255 case based upon a lawyer's error, the "petitioner must also demonstrate he acted with due diligence in pursuing his petition." *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (affirming denial of § 2255 motion) (citations omitted).  Simply put, it plainly appears that Perez did not act diligently.

Second, the record plainly shows that Perez agreed in writing to the gun enhancement and the motion must be denied for that separate and additional reason. (Filing no. 17 at CM/ECF p. 2 & ¶ 1c(3).)  The record also establishes that Perez was orally informed during the Rule 11 plea proceedings that a gun enhancement would be imposed and Perez orally indicated that he agreed.  (Filing no. 21 at CM/ECF 18-21 (When asked to describe the essential provisions of the plea agreement, among other things, the prosecutor advised  "[t]hat Mr. Perez will receive an enhancement under the guidelines for possession of a dangerous weapon[,]" and Perez, who admitted that his counsel had gone over the plea agreement "paragraph by paragraph" with the assistance of interpreter, confirmed that the prosecutor's summary of the plea agreement was accurate).)   Still further, Perez obviously received a great benefit under the plea agreement because he avoided the mandatory consecutive sentence of 5 years by virtue of the dismissal of the § 924(c) count.  In short, the predicate for all of Perez' arguments–that he improperly received a gun enhancement– is conclusively rebutted by the record.

IT IS ORDERED that the § 2255 motion (filing no. 33) is denied with prejudice.  A separate judgment will be entered.

DATED this 14th day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge